(112 App. Div. 382)

### DAVENPORT v. CORBETT.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

BROKERS—SALE OF REAL ESTATE—EMPLOYMENT BY DEFENDANT—EVIDENCE.

Where a broker sent the owner of real estate a form of a purchase option, which the owner executed, and a sale took place under the option, the broker was not entitled to recover commissions from the owner, as the transaction did not amount to an employment.

Appeal from Municipal Court of New York.

Action by Julius B. Davenport against Marshall J. Corbett. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Alonzo G. McLaughlin, for appellant.

R. M. Cahoone, for respondent.

GAYNOR, J. This is an action by a real estate broker to recover a brokerage for the sale of the defendant's house and lot. He was never employed by the defendant to sell the property. The Site Committee of the Academy of Music of Brooklyn desired to get a suitable site. The plaintiff, as well as other brokers, was trying to get it for them. For that purpose he got purchase options for them of the several owners of a large number of lots, including the defendant's, which taken together would make a plot large enough for such site.

The defendant's house was in the possession of a tenant. The plaintiff sent to the tenant a printed form of such options, and asked him to get the defendant who was not in the city to sign it. He told him finally after some negotiation and delay that he might have the defendant sign the option for $11,000 as the purchase price if he could not get it for less, and the defendant signed the option for that sum. The sums of $9,000 and $10,000 had been offered by the plaintiff. The terms of the option are that the defendant "hereby gives the Site Committee of the new Academy of Music, through J. Davenport, Son & Co." (the name under which the plaintiff was in business) "as brokers, for the sum of $1, a sixty day option to purchase" the defendant's house and lot for $11,000.

The plaintiff did not see the defendant, and this was all that occurred between them, before the signing of the option. Title was passed under the option. There is not enough to support a finding of fact that the plaintiff was employed by the defendant. It is true that the option disclosed that the plaintiff was acting as a real estate broker, but he never asked employment of the defendant or informed him that he was to charge him a commission, and the law did not call upon the defendant to assume that he was acting for him. Real estate brokers are often commissioned by purchasers to buy. They cannot act for both sides without their consent. The plaintiff's success in getting the Site Committee to take the plot, instead of some of the other plots that were offered, depended on his getting the option price low enough. There was no indication whatever that he was working for the plaintiff, but the contrary. A real estate broker cannot recover a commission of the seller unless he was employed by him to sell, either expressly or impliedly. If the facts be just as consistent with non-employment as with employment, they do not suffice to prove a contract, and that is the best that could be claimed for the plaintiff on the facts here.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide event. All concur.